**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CITIZENS FOR RESPONSIBILITY** | ) | |
| **AND ETHICS IN WASHINGTON,** | ) | |
| 1101 K Street, N.W., Suite 201 | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **GENERAL SERVICES** | ) | |
| **ADMINISTRATION,** | ) | |
| 1800 F Street, N.W. | ) | |
| Washington, D.C. 20405 | ) | |
| | ) | |
| **NATIONAL ARCHIVES AND** | ) | |
| **RECORDS ADMINISTRATION,** | ) | |
| 700 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20408 | ) | |
| | ) | |
| **OFFICE OF MANAGEMENT AND** | ) | |
| **BUDGET,** | ) | |
| 725 17th Street, N.W. | ) | |
| Washington, D.C. 20503 | ) | |
| | ) | |
| **U.S. OFFICE OF GOVERNMENT** | ) | |
| **ETHICS,** | ) | |
| 1201 New York Avenue, N.W., Suite 500 | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| **U.S. OFFICE OF PERSONNEL** | ) | |
| **MANAGEMENT,** | ) | |
| 1900 E Street, N.W. | ) | |
| Washington, D.C. 20415 | ) | |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20530 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive,

declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") challenges the failure of the General Services Administration ("GSA"),

the National Archives and Records Administration ("NARA"), the Office of Management and

Budget ("OMB"), the U.S. Office of Government Ethics ("OGE"), the U.S. Office of Personnel

Management ("OPM"), and the U.S. Department of Justice ("DOJ") to disclose to CREW email

communications regarding the impact of COVID-19 on the presidential transition process;

timelines for designating agency transition leads and establishing transition councils; any

changes to the "major Activities Timeline" for the 2020/2021 presidential transition process; and

the Trump administration's compliance with the Presidential Transitions Improvements Act of

2015 or the Presidential Transition Enhancement Act of 2019.

2.      Plaintiff also challenges the failure of GSA, NARA, OMB, and OGE to disclose

to CREW email communications concerning the May 27, 2020 Agency Transition Directors

Council Meeting; agendas, meeting notes, summaries or attendance lists for that meeting; email

communications concerning future Agency Transition Directors Council meetings; and email

communications with representatives from the presidential campaigns of Donald J. Trump and

Joseph R. Biden.

3.      This case seeks declaratory relief that GSA, NARA, OMB, OGE, OPM, and DOJ

are in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), for failing to provide CREW all

responsive records, and injunctive relief ordering all defendants to process and release to CREW

immediately the requested records in their entirety.

**Jurisdiction and Venue**

4.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5.      Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

6.      Defendant GSA is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

7.      Defendant NARA is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

8.      Defendant OMB is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

9.     Defendant OGE is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

10.    Defendant OPM is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

11.    Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**Statutory and Regulatory Background**

12.    The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

13.    An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

14.    An agency's failure to make this determination within 20 days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**Factual Background**

15.    With Election Day on November 3, 2020, we are now mere months from the presidential transition. The transition process is integral to ensuring that government officials abide by federal ethics laws and are free of conflicts of interest.

16.     Toward that end, as highlighted on a public website GSA maintains, https://www.gsa.gov/governmentwide-initiatives/presidential-transition-directory, a number of federal agencies are key to the transition process, including NARA, which oversees records management; OGE, which works in partnership with the Presidential Transition Team to ensure that prospective nominees are free of conflicts of interest; and OMB, OPM and DOJ, which traditionally have played significant roles in the presidential transition process.

17.     GSA's website also includes a Major Activities Timeline for the 2020/2021 presidential transition process, https://www.gsa.gov/governmentwide-initiatives/presidential-transition-directory/transition-overview. According to that timeline, May 2020 was the deadline for establishing transition councils, submitting the administration's six-month report to Congress, and designating agency leads for the transition process.

18.     The Presidential Transitions Improvements Act of 2015 also requires presidential candidates to set up a team to work with agency leaders at least six months before Election Day.

19.     The Trump administration belatedly submitted the required six-month progress report on 2020 presidential transition activities to Congress on May 13, 2020, more than a week after it was due. The slim, nine-page report failed to address what the administration is doing to address logistical challenges caused by the coronavirus or if there are pandemic experts advising the process along the way. While the report mentioned requirements for NARA and agency record keeping, it failed to describe what is being done to ensure that the administration complies with NARA guidance or whether records are being collected now.

20.     The Agency Transition Directors Council held its first meeting on May 27, 2020, hosted by OMB and GSA. In response to a FOIA request, GSA redacted all text from the notes of the meeting concerning key discussion items and key action items. Former government

officials and transition experts expressed confusion and surprise at the redactions. Courtney Bublé, Trump Administration Redacts meeting Minutes on the Presidential Transition, *Government Executive*, July 21, 2020, https://www.govexec.com/management/2020/07/trump-administration-redacts-meeting-minutes-presidential-transition/167073/.

21.     The limited publicly available information, which includes the May 13, 2020 report, raises a question of whether OMB and GSA are sufficiently communicating with and offering assistance to agencies outside of what is reflected in these public documents.

*CREW's FOIA Request to GSA*

22.     On May 4, 2020, CREW submitted by email a FOIA request to GSA seeking five categories of records:

> (1) All email communications sent to, copied to, or received by GSA Administrator Emily Murphy, Deputy Administrator Allison F. Brigati, Chief of Staff Robert Borden, General Counsel Jack St. John, Associate Administrator for the Office of Government-wide Policy Jessica Salmoiraghi, or Mary Gibert, Associate Administrator for the Office of Civil Rights and Federal Transition Coordinator from March 1, 2020 to the present regarding the impact of COVID-19 or the coronavirus on the presidential transition process;
>
> (2) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the timeline for the designation of agency transition leads;
>
> (3) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the timeline for the establishment of transition councils;

(4) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding any change or potential change to GSA's "Major Activities Timeline" for the 2020/2021 presidential transition process; and

(5) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the Trump administration's compliance with the Presidential Transitions Improvements Act of 2015 or the Presidential Transition Enhancement Act of 2019.

23.     By email dated May 4, 2020, GSA acknowledged receipt of CREW's request.

24.     By email dated May 5, 2020, GSA advised CREW that its request for a fee waiver was determined to be not applicable as the request is not billable.

25.     To date, CREW has received no other communications from GSA regarding its May 4, 2020 FOIA request.

26.     CREW has now exhausted all applicable administrative remedies with respect to its May 4, 2020 request of GSA.

*CREW's FOIA Requests to NARA*

27.     On May 4, 2020, CREW submitted by email a FOIA request to NARA seeking five categories of documents:

(1) all email communications sent to, copied to, or received by Archivist of the United States David Ferriero, Deputy Archivist of the United States Debra Steidel Wall, Chief of Staff Maria Carosa Stanwich, General Counsel Gary Stern, or Director of the Office of Presidential Libraries, Susan Donius from March 1, 2020 to the present regarding the impact of COVID-19 or the coronavirus on the

presidential transition process;

(2) all email communications sent to, copied to, or received by these same individuals March 1, 2020 to the present regarding the timeline for the designation of agency transition leads;

(3) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the timeline for the establishment of transition councils;

(4) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding any change or potential change to GSA's "Major Activities Timeline" for the 2020/2021 presidential transition process; and

(5) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the Trump administration's compliance with the Presidential Transitions Improvements Act of 2015 or the Presidential Transition Enhancement Act of 2019.

28.    By email dated May 5, 2020, NARA acknowledged receipt of CREW's May 4, 2020 request.

29.    To date, CREW has received no other communications from NARA regarding this FOIA request.

30.    CREW has now exhausted all applicable administrative remedies with respect to its May 4, 2020 request of NARA.

31.    By email dated June 5, 2020, CREW sent a second FOIA request to NARA seeking four categories of documents:

(1) all email communications sent to, copied to, or received by Archivist of the United States David Ferriero, Deputy Archivist of the United States Debra Steidel Wall, Chief of Staff Maria Carosa Stanwich, General Counsel Gary Stern, or Director of the Office of Presidential Libraries, Susan Donius from May 5, 2020 to the present, referring or related to the Agency Transition Directors Council meeting hosted by OMB and GSA on or around May 27, 2020;

(2) any and all agendas, meeting notes, summaries, or attendance lists prepared for or distributed at the Agency Transition Directors Council meeting hosted by OMB and GSA on or around May 27, 2020;

(3) all email communications sent to, copied to, or received by the individuals listed in the first category from May 5, 2020 to the present referring or related to the impact of COVID-19 or the coronavirus on the presidential transition process; and

(4) all email communications sent to, copied to, or received by these same individuals from May 5, 2020 to the present referring or related to future Agency Transition Directors Council meetings.

32.    To date, CREW has received no communications from NARA regarding this FOIA request.

33.    CREW has now exhausted all applicable administrative remedies with respect to its June 5, 2020 request of NARA.

*CREW's FOIA Requests to OMB*

34.    On May 4, 2020, CREW submitted to OMB by email a FOIA request seeking five categories of documents:

9

(1) all email communications sent to, copied to, or received by OMB Acting Director Russell Vought, OMB Acting Deputy Director for Management Michael Rigas, OMB Deputy Director for Management Margaret Weichert, OMB Chief of Staff Michelle Marston Williams, or OMB General Counsel Mark Paoletta from March 1, 2020 to the present regarding the impact of COVID-19 or the coronavirus on the presidential transition process;

(2) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the timeline for the designation of agency transition leads;

(3) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the timeline for the establishment of transition councils;

(4) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding any change or potential change to GSA's "Major Activities Timeline" for the 2020/2021 presidential transition process; and

(5) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the Trump administration's compliance with the Presidential Transitions Improvements Act of 2015 or the Presidential Transition Enhancement Act of 2019.

35. By email dated May 4, 2020, OMB acknowledged receipt of CREW's request.

36. To date, CREW has received no other communications from OMB.

37.     CREW has now exhausted all applicable administrative remedies with respect to its May 4, 2020 request of OMB.

38.     On June 5, 2020, CREW submitted by email a second request to OMB seeking five categories of documents:

(1) all email communications sent to, copied to, or received by OMB Acting Director Russell Vought, OMB Acting Deputy Director for Management Michael Rigas, OMB Chief of Staff Michelle Marston Williams, or OMB General Counsel Mark Paoletta from May 5, 2020 to the present, referring or related to the Agency Transition Directors Council meeting hosted by OMB and GSA on or around May 27, 2020;

(2) any and all agendas, meeting notes, summaries, or attendance lists prepared for or distributed at the Agency Transition Directors Council meeting hosted by OMB and GSA on or around May 27, 2020;

(3) all email communications sent to, copied to, or received by the individuals listed in category one from May 5, 2020 to the present referring or related to the impact of COVID-19 or the coronavirus on the presidential transition process;

(4) all email communications sent to, copied to, or received by these same individuals from May 5, 2020 to the present referring or related to future Agency Transition Directors Council meetings; and

(5) all email communications between and among these same individuals and any representative of the presidential campaigns of Donald J. Trump or Joseph R. Biden from March 1, 2020 to the present.

39.     By email dated June 5, 2020, OMB acknowledged receipt of CREW's June 5 request.

40.     To date, CREW has received no other communications from OMB.

41.     CREW has now exhausted all applicable administrative remedies with respect to its June 5, 2020 request of OMB.

*CREW's FOIA Requests to OGE*

42.     On May 4, 2020, CREW sent to OGE by email a FOIA request seeking five categories of documents:

> (1) all email communications sent to, copied to, or received by OGE Director
> Emory Rounds, Chief of Staff Shelley Finlayson, General Counsel David Apol,
> Chief of the Ethics Law and Policy Branch Seth Jaffe, and Chief of the
> Presidential Nominations Branch Deborah Bortot from March 1, 2020 to the
> present regarding the impact of COVID-19 or the coronavirus on the presidential
> transition process;
>
> (2) all email communications sent to, copied to, or received by these same
> individuals from March 1, 2020 to the present regarding the timeline for the
> designation of agency transition leads;
>
> (3) all email communications sent to, copied to, or received by these same
> individuals from March 1, 2020 to the present regarding the timeline for the
> establishment of transition councils;
>
> (4) all email communications sent to, copied to, or received by these same
> individuals from March 1, 2020 to the present regarding any change or potential
> change to GSAs "Major Activities Timeline" for the 2020/2021 presidential

transition process; and

(5) all email communications sent to, copied to, or received by these same

individuals from March 1, 2020 to the present regarding the Trump

administration's compliance with the Presidential Transitions Improvements Act

of 2015 or the Presidential Transition Enhancement Act of 2019.

43.     By email dated May 6, 2020, OGE acknowledged receipt of CREW's request.

44.     Despite multiple requests for updates on the status of its May 4, 2020 FOIA

request, and multiple promises by OGE to provide documents, to date CREW has not received a

final determination from OGE regarding this request.

45.     CREW has now exhausted all applicable administrative remedies with respect to

its May 4, 2020 request of OGE.

46.     On June 5, 2020, CREW submitted by email a second FOIA request to OGE

seeking five categories of documents:

(1) all email communications sent to, copied to, or received by OGE Director

Emory Rounds, Chief of Staff Shelley Finlayson, General Counsel David Apol,

Chief of the Ethics Law and Policy Branch Seth Jaffe, and Chief of the

Presidential Nominations Branch Deborah Bortot from May 5, 2020 to the

present, referring or related to the Agency Transition Directors Council meeting

hosted by OMB and GSA on or around May 27, 2020;

(2) all agendas, meeting notes, summaries, or attendance lists prepared for or

distributed at the Agency Transition Directors Council meeting hosted by OMB

and GSA on or around May 27, 2020;

(3) all email communications sent to, copied to, or received by the individuals

listed in category one from May 5, 2020 to the present referring or related to the

impact of COVID-19 or the coronavirus on the presidential transition process;

(4) all email communications sent to, copied to, or received by these same

individuals from May 5, 2020 to the present referring or related to future Agency

Transition Directors Council meetings; and

(5) all email communications between and among these same individuals and any

representative of the presidential campaigns of Donald J. Trump or Joseph R.

Biden from March 1, 2020 to the present.

47.     By email dated June 25, 2020, OGE acknowledged receipt of CREW's June 5,

2020 FOIA request.

48.     To date, CREW has received no other communications from OGE.

49.     CREW has now exhausted all applicable administrative remedies with respect to

its June 5, 2020 request of OGE.

*CREW's Request to OPM*

50.     On May 4, 2020, CREW sent by email a FOIA request to OPM seeking five

categories of records:

(1) all email communications sent to, copied to, or received by OPM Acting

Director Michael Rigas, Chief of Staff Basil Parker, White House Liaison Paul

Dans, General Counsel Mark Robbins, or Acting Director of the Office of

Strategy & Innovation Kimberly Wells from March 1, 2020 to the present

regarding the impact of COVID-19 or the coronavirus on the presidential

transition process;

(2) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the timeline for the designation of agency transition leads;

(3) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the timeline for the establishment of transition councils;

(4) all email communications sent to, copied to, or received by these same from March 1, 2020 to the present regarding any change or potential change to GSA's "Major Activities Timeline" for the 2020/2021 presidential transition process; and

(5) all email communications sent to, copied to, or received by these same individuals from March 1, 2020 to the present regarding the Trump administration's compliance with the Presidential Transitions Improvements Act of 2015 or the Presidential Transition Enhancement Act of 2019.

51.     By email dated May 6, 2020, OPM acknowledged receipt of CREW's request. On that same day, OPM advised CREW it had granted CREW's request for a fee waiver, and had assigned the request to the proper OPM office(s) for response.

52.     To date, CREW has received no other communications from OPM.

53.     CREW has now exhausted all applicable administrative remedies with respect to its May 4, 2020 request of OPM.

*CREW's Request to DOJ*

54.     On May 4, 2020, CREW sent by email a FOIA request to DOJ seeking five categories of documents:

(1) all email communications sent to, copied to, or received by Attorney General

William Barr, Chief of Staff Will Levi, Deputy Attorney General Jeffrey Rosen,

Assistant Attorney General for Administration Lee Lofthus, or Director of the

DOJ Departmental Ethics Office Cynthia Shaw from March 1, 2020 to the present

regarding the impact of COVID-19 or the coronavirus on the presidential

transition process;

(2) all email communications sent to, copied to, or received by these same

individuals w from March 1, 2020 to the present regarding the timeline for the

designation of agency transition leads;

(3) all email communications sent to, copied to, or received by these same

individuals from March 1, 2020 to the present regarding the timeline for the

establishment of transition councils;

(4) all email communications sent to, copied to, or received by these same

individuals from March 1, 2020 to the present regarding any change or potential

change to GSA's "Major Activities Timeline" for the 2020/2021 presidential

transition process; and

(5) all email communications sent to, copied to, or received by these same

individuals from March 1, 2020 to the present regarding the Trump

administration's compliance with the Presidential Transitions Improvements Act

of 2015 or the Presidential Transition Enhancement Act of 2019.

55.     By email dated May 29, 2020, DOJ's Justice Management Division

acknowledged receiving CREW's request on May 27, 2020, and advised CREW it had assigned

CREW's request to the complex track.

56.     To date, CREW has received no other communications from DOJ.

57.     CREW has now exhausted all applicable administrative remedies with respect to its May 4, 2020 request of DOJ.

## PLAINTIF'S CLAIMS FOR RELIEF

### CLAIM ONE

### (GSA's Wrongful Withholding of Agency Records)

58.     Plaintiff repeats and re-alleges the foregoing paragraphs.

59.     Plaintiff properly asked for records within the custody and control of GSA.

60.     Defendant GSA wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's request, and by withholding from disclosure records responsive to plaintiff's request.

61.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in CREW's May 4, 2020 FOIA request of GSA.

### CLAIM TWO
### (NARA's Wrongful Withholding of Agency Records)

62.     Plaintiff repeats and re-alleges the foregoing paragraphs.

63.     Plaintiff properly asked for records within the custody and control of NARA.

64.     Defendant NARA wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's requests, and by withholding from disclosure records responsive to plaintiff's requests.

65.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in CREW's May 4 and June 5, 2020 FOIA requests of NARA.

**CLAIM THREE**
**(OMB's Wrongful Withholding of Agency Records)**

66.    Plaintiff repeats and re-alleges the foregoing paragraphs.

67.    Plaintiff properly asked for records within the custody and control of OMB.

68.    Defendant OMB wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's requests, and by withholding from disclosure records responsive to plaintiff's requests.

69.    Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in CREW's May 4 and June 5, 2020 FOIA requests of OMB.

**CLAIM FOUR**
**(OGE's Wrongful Withholding of Agency Records)**

70.    Plaintiff repeats and re-alleges the foregoing paragraphs.

71.    Plaintiff properly asked for records within the custody and control of OGE.

72.    Defendant OGE wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's requests, and by withholding from disclosure records responsive to plaintiff's requests.

73.    Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in CREW's May 4 and June 5, 2020 FOIA requests of OGE.

**CLAIM FIVE**
**(OPM's Wrongful Withholding of Agency Records)**

74.    Plaintiff repeats and re-alleges the foregoing paragraphs.

75.    Plaintiff properly asked for records within the custody and control of OPM.

76.    Defendant OPM wrongfully withheld agency records requested by plaintiff by

failing to comply with the statutory time limit for making a determination on plaintiff's request, and by withholding from disclosure records responsive to plaintiff's request.

77.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in CREW's May 4, 2020 FOIA request of OPM.

### CLAIM SIX
### (DOJ's Wrongful Withholding of Agency Records)

78.     Plaintiff repeats and re-alleges the foregoing paragraphs.

79.     Plaintiff properly asked for records within the custody and control of DOJ.

80.     Defendant DOJ wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's request, and by withholding from disclosure records responsive to plaintiff's request.

81.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in CREW's May 4, 2020 FOIA request of DOJ.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1)     Order defendant GSA to immediately and fully process plaintiff's May 4, 2020 FOIA request to GSA and disclose all non-exempt documents immediately to plaintiff;

(2)     Order defendant NARA to immediately and fully process plaintiff's May 4 and June 5, 2020 FOIA requests to NARA and disclose all non-exempt documents immediately to plaintiff;

(3)     Order defendant OMB to immediately and fully process plaintiff's May 4 and June 5, 2020 FOIA requests to OMB and disclose all non-exempt documents immediately to

plaintiff;

(4)     Order defendant OGE to immediately and fully process plaintiff's May 4 and June 5, 2020 FOIA requests to OGE and disclose all non-exempt documents immediately to plaintiff;

(5)     Order defendant OPM to immediately and fully process plaintiff's May 4, 2020 FOIA request to OPM and disclose all non-exempt documents immediately to plaintiff;

(6)     Order defendant DOJ to immediately and fully process plaintiff's May 4, 2020 FOIA request to DOJ and disclose all non-exempt documents immediately to plaintiff;

(7)     Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(8)     Provide for expeditious proceedings in this action;

(9)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(10)    Award plaintiff its costs and reasonable attorneys' fees in this action; and

(11)    Grant such other relief as the Court may deem just and proper.

Respectfully submitted,


  _/s/ Anne L. Weismann_
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
       in Washington
1101 K Street, N.W., Suite 201
Washington, D.C.  20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020
aweismann@citizensforethics.org

Dated: August 3, 2020                    *Attorneys for Plaintiff*